# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of N. Douglas Brannon, Respondent.

Appellate Case No. 2019-001780

---

Opinion No. 27933
Submitted November 8, 2019 – Filed December 18, 2019

---

## PUBLIC REPRIMAND

---

John S. Nichols, Disciplinary Counsel, and Ericka McCants Williams, Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

N. Douglas Brannon, of Spartanburg, *pro se*.

---

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (the Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR.  In the Agreement, Respondent admits misconduct and consents to the imposition of a confidential admonition or a public reprimand.  We accept the Agreement and issue a public reprimand.  We further order Respondent to (1) complete the Legal Ethics and Practice Program Ethics School within nine (9) months of the date of this opinion, and (2) pay the costs incurred in the investigation and prosecution of these matters by ODC and the Commission on Lawyer Conduct (the Commission) or enter into a reasonable payment plan with the Commission within thirty (30) days of the date of this opinion.

The facts, as set forth in the Agreement, are as follows.

## Facts

*Matter I*

On March 23, 2012, Respondent was retained to represent Client in a post-conviction relief (PCR) action for a $5,000 fee. Client's grandfather initially paid Respondent $1,000 for the representation. On February 5, 2013, Client's grandfather paid Respondent the remaining $4,000. Respondent filed Client's PCR action on November 21, 2014. The Office of the Attorney General filed a return requesting summary dismissal of the PCR application. The PCR court issued a conditional order of dismissal due to Respondent's failure to file the PCR application within the statute of limitations, and granted Respondent and Client twenty days to show why the conditional order should not become final.

Respondent filed a brief in response to the conditional order explaining the PCR action was untimely due to a clerical error within Respondent's office. Respondent represented he informed Client and Client's grandfather that no action would be taken on the PCR matter until Respondent's $5,000 fee was paid in full. The law firm's accounting system was set with a notice mechanism to notify Respondent when the fee was paid in full so that the PCR application could be filed. The second and final $4,000 payment was posted in Client's grandfather's name and listed the grandfather as a new client; therefore, Respondent never received the notification that the fee was paid in full. Respondent was unaware of the issue until Client's grandfather came to Respondent's office for a status update.

The PCR court issued a final order of dismissal on November 22, 2016. Upon receipt of the final order, Respondent met with Client, explained the error, refunded the entire amount of the fees received, and assisted Client with retaining new counsel for the representation.

At times during the representation, Respondent failed to adequately communicate with Client regarding the status of the case. Respondent represented he maintained communication with Client's grandfather, but admitted his communication with the grandfather did not satisfy his obligation to maintain reasonable communication with Client.

Comment 5 to Rule 1.5, RPC, Rule 407, SCACR, reminds attorneys a fee agreement "may not be made whose terms might induce the lawyer improperly to curtail services for the client or perform them in a way contrary to the client's

interest."  Rule 1.5, RPC, Rule 407, SCACR cmt. 5.  Although Respondent informed Client and Client's grandfather that no action would be taken on the PCR matter until Respondent's fee was paid in full, Respondent's duties to provide competent representation and act with reasonable diligence and promptness arose on the day he was retained.  *See* Rule 1.1 RPC, Rule 407, SCACR (competence); Rule 1.3, RPC, Rule 407, SCACR (diligence).  Once a lawyer accepts employment, the lawyer may, with reasonable warning, withdraw from representation due to the client's substantial failure to fulfill an obligation to pay for the lawyer's services.  *See* Rule 1.16(b)(5), RPC, Rule 407 SCACR ("[A] lawyer may withdraw from representing a client if . . . the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services or payment therefor and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled . . . .").  However, a lawyer may not condition the duties of representation on the payment of fees.  Therefore, Respondent's advice to Client and Client's grandfather that he would take no action on Client's PCR case until receiving full payment does not in any way mitigate Respondent's failure to file Client's PCR claim within the statute of limitations.

*Matter II*

Respondent represented Husband and Wife in a domestic matter wherein Complainant's parental rights were terminated and Husband was allowed to adopt Complainant's minor child.  The final order in the case was signed in December 2012.

Shortly after the domestic action, Respondent was approached by the Circuit Solicitor and asked to serve as a special prosecutor with the Solicitor's Office in the trial of Complainant on a charge of criminal sexual conduct with a minor (CSCM).  Respondent was appointed as special prosecutor by a circuit court judge, and Complainant was convicted of CSCM following a jury trial.  Complainant was represented by the same attorney (Attorney) in both the domestic matter and the criminal matter.  In March 2016, Attorney accepted a position as an associate in Respondent's law firm.

On December 6, 2018, Respondent made an appearance on behalf of Husband and Wife to contest Complainant's motion to unseal the adoption file and motion for a new trial.  At the time Respondent made the appearance on behalf of Husband and Wife, Attorney was still employed in Respondent's law firm.  Respondent acknowledges his appearance on behalf of Husband and Wife at the December 6,

2018 hearing created a concurrent conflict of interest due to the employment of Attorney with Respondent's law firm. Respondent has since been relieved as counsel for Husband and Wife, and new counsel is representing the couple in the pending action.

## Law

Respondent admits his actions violated Rules 1.1 (competence); 1.3 (diligence); 1.4 (communication); 1.7 (conflict of interest: current clients); 1.10 (imputation of conflicts of interest); and 8.4(a) (violating or attempting to violate the Rules of Professional Conduct), RPC, Rule 407, SCACR.

Respondent also admits the allegations contained in the Agreement constitute grounds for discipline pursuant to Rule 7(a)(1), RLDE, Rule 413, SCACR (violating or attempt to violate the Rules of Professional Conduct).

## Conclusion

We find Respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand Respondent. Within thirty (30) days of the date of this opinion, Respondent shall pay the costs incurred in the investigation and prosecution of these matters by ODC and the Commission or enter into a reasonable repayment plan with the Commission. Further, within nine (9) months of the date of this opinion, Respondent shall complete the Legal Ethics and Practice Program Ethics School.


**PUBLIC REPRIMAND.**

**KITTREDGE, Acting Chief Justice, HEARN, FEW and JAMES, JJ., concur. BEATTY, C.J., not participating.**